IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

RECEIPT # 55484
AMOUNT $ 150
SUMMONS ISSUED /
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 4-23-04

| | |
|---|---|
| PETEDGE, INC.,<br>Plaintiff<br><br>v.<br><br>THE KYJEN COMPANY, INC.,<br>Defendant. | Civil Action No.: _____<br><br>Complaint for Declaratory Judgment of Non-infringement (copyright, trade dress, trademark)<br><br>Jury Trial Demand |

04 10807 MEL

Comes now your Plaintiff PetEdge, Inc. ("PetEdge") and alleges as follows:

Alexander MAGISTRATE JUDGE

## THE PARTIES

1. Plaintiff PetEdge, Inc. is a corporation of the Commonwealth of Massachusetts and has its principal place of business at 239 Newbury Port Turnpike, P.O. Box 128, Topsfield, Massachusetts 01983. Plaintiff PetEdge, Inc. is a well-known supplier of pet clothing, toys, accessories, grooming articles, shampoos, and the like.

2. PetEdge regularly purchases products from third parties and in other cases designs and manufactures or has manufactured certain products for re-sale via a website, catalogue, and other advertising and marketing channels.

3. PetEdge's primary customers are pet groomers, kennels, and independent pet stores.

1

4. Upon information and belief, defendant The Kyjen Company, Inc. ("Kyjen") is a California corporation having a business address of P.O. Box 793, Huntington Beach, CA 92648. Kyjen primarily supplies distributors with stuffed pet animals and toys, many of which are manufactured overseas. Kyjen also sells products to large pet stores.

5. Recently, Kyjen threatened PetEdge with legal action contending that PetEdge is engaged in copyright infringement, trade dress infringement, trademark infringement, and in violation of state unfair competition laws.

6. PetEdge denies Kyjen's contentions and allegations and thus an actual, justiciable case or controversy exists between the parties.

## JURISDICTION

7. Jurisdiction of this action exists pursuant to 28 U.S.C. §§2201 and 2202, 28 U.S.C. §1331, and 28 U.S.C. §1338.

8. Jurisdiction of any pendent claims by Kyjen is proper in this court pursuant to 28 U.S.C. §1367.

9. Jurisdiction over Kyjen is proper in that, upon information and belief, Kyjen conducts business in the Commonwealth of Massachusetts and contracts to supply services and/or products within the Commonwealth of Massachusetts.

10. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1400.

## ALLEGATIONS PERTAINING TO ALL COUNTS

11. Four examples cited by Kyjen alleging that PetEdge is engaged in copyright and trade dress infringement are reproduced below:

| PETEDGE | KYJEN |
|---|---|
|  |  |
|  |   |

| PETEDGE | KYJEN |
|---|---|
|  |  |
|  |  |

12. Upon information and belief, Kyjen's alleged copyrighted articles are unprotectable useful articles and therefore are not copyrightable pursuant to 17 U.S.C. §101 and 17 U.S.C. §102.

13. Upon information and belief, Kyjen's alleged copyrighted articles embody non-protectable ideas and contain non-protectable expression.

14. PetEdge has not engaged in any actionable illicit copying of Kyjen's alleged articles.

15. Kyjen's alleged trade dress and trademark do not serve as source identifiers.

16. Upon information and belief, there is no actual or likelihood of confusion as between PetEdge's articles and Kyjen's articles.

17. Upon information and belief, Kyjen's alleged trade dress is highly functional, is not inherently distinctive, and lacks secondary meaning.

18. Upon information and belief, Kyjen's alleged trade dress is not famous.

19. Upon information and belief, Kyjen's alleged trademark is generic or merely descriptive.

20. Upon information and belief, all of the factors assessed in determining whether a likelihood of confusion exists favor PetEdge.

21. Upon information and belief, PetEdge has other legal and equitable defenses to Kyjen's allegations and the above defenses are not meant to be limiting or exhaustive.

## COUNT I

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF COPYRIGHT

22.  PetEdge hereby realleges the allegations of ¶¶1-21 as if fully set forth herein.

23.  PetEdge has not and is not now infringing any valid copyrights own by Kyjen.

## COUNT II

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF TRADE DRESS

24.  PetEdge hereby realleges the allegations of ¶¶1-21 as if fully set forth herein.

25.  PetEdge has not infringed and is not now infringing any valid trade dress own by Kyjen.

## COUNT III

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF A TRADEMARK

26.  PetEdge hereby realleges the allegations of ¶¶1-21 as if fully set forth herein.

27.  PetEdge has not infringed and is not now infringing any valid trademark own by Kyjen.

## COUNT IV

## DECLARATORY JUDGMENT FOR NON-VIOLATION OF ANY UNFAIR COMPETITION LAWS

28. PetEdge hereby realleges the allegations of ¶¶1-21 as if fully set forth herein.

29. PetEdge has not engaged and is not now engaged in any violation of any unfair competition law or statute.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff PetEdge requests that the Court adjudge:

1. PetEdge not to have engaged in copyright infringement as alleged by Kyjen.

2. PetEdge not to have engaged in trade dress infringement as alleged by Kyjen.

3. PetEdge not to have engaged in trademark infringement as alleged by Kyjen.

4. PetEdge not to have engaged in unfair competition as alleged by Kyjen.

5. That Kyjen's alleged copyrighted articles are unprotectable useful articles and thus not copyrightable.

6. That Kyjen's alleged copyrighted articles embody non-protectable ideas and contain no protectable expression.

7. That PetEdge has not engaged in actionable illicit copying of Kyjen's alleged articles.

8. That Kyjen's alleged trade dress and trademarks do not serve as source identifiers.

9. That there is no actual or likelihood of confusion as between PetEdge's articles and Kyjen's articles.

10. That Kyjen's alleged trade dress is highly functional.

11. That Kyjen's alleged trade dress is not inherently distinctive.

12. That Kyjen's alleged trade dress lack secondary meaning.

13. That Kyjen's alleged trade dress is not famous.

14. That Kyjen's alleged trademark is generic or merely descriptive.

15. That each factor assessed in making a determination of likelihood of confusion favors PetEdge.

16. That PetEdge be awarded the cost of this suit and reasonable attorney's fees, the amount to be determined by this court provided pursuant to 17 U.S.C. §505 and 17 U.S.C. §1117.

17. That Kyjen be enjoined and restrained from all further charges of infringement, actions, enforcement, or suit against PetEdge or anyone in privity with PetEdge including PetEdge's customers and prospective customers.

18. That PetEdge be awarded the taxable costs incurred herein, together with such other relief as the court may find to be just and proper.

19. That PetEdge be granted such other and further relief as this court may deem proper and just.

## THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

Respectfully submitted,
By: the Attorneys for PetEdge, Inc.

DATE: 4/22/04

By: Kirk Teska
BBO 559,192
IANDIORIO & TESKA
260 Bear Hill Road
Waltham, MA 02451
TEL: (781)890-5678
FAX: (781)890-1150